**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

RIVAS L. STEWART,

                Plaintiff,

    v.                              Case No: 17-cv-11528

COMMISSIONER OF SOCIAL SECURITY,      Hon. Thomas L. Ludington
                                                        Magistrate Judge Patricia T. Morris

                Defendant.
_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER

Plaintiff filed an application for supplemental security income on March 3, 2014, alleging that he has been disabled since November 16, 2008, due to schizophrenia; bipolar disorder; diabetes; gunshot wounds in his neck, back, right shoulder, and stomach; and the fact that he has only one kidney. (TR 104, 156-64, 180.) The Social Security Administration denied Plaintiff's claims on July 18, 2014, and Plaintiff requested a de novo hearing. (TR 92-104, 110-12.) On February 9, 2016, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Stephen Marchioro. (TR 41-91.) At the hearing, Plaintiff amended his alleged onset date to the application date of March 3, 2014. (TR 46.) The ALJ issued an unfavorable decision on March 9, 2016, and the Appeals Council declined to review the decision. (TR 1-6, 19-32.)

Plaintiff then commenced this action for judicial review. ECF No. 1. The matter was referred to Magistrate Judge Mona K. Majzoub, and the parties filed cross motions for summary judgment. ECF Nos. 18, 21. On February 1, 2019, Judge Majzoub issued a report,

recommending that Plaintiff's motion for summary judgment be denied, that Defendant's motion be granted, and that the decision of the commissioner be affirmed. ECF No. 22. Plaintiff filed timely objections on February 15, 2019. ECF No. 23.

**I.**

Neither party objects to Judge Majzoub's factual and procedural summary, which is incorporated herein by reference. Notably, The ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of March 3, 2014, and that Plaintiff suffered from the severe impairments of depression with psychotic features, schizophrenia, and fracture of right clavicle status-post gunshot wound. (TR 21.) The ALJ also found that Plaintiff's obesity, diabetes mellitus, hyperlipidemia, hypertension, and asthma were non-severe impairments. (TR 21-22.) Additionally, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 22-24.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he is able to push or pull with the right upper extremity frequently. The claimant is able to climb ladders, ropes, or scaffolds occasionally. He is able to reach overhead with his right upper extremity occasionally. The claimant must avoid all use of unguarded moving mechanical parts and all exposure to unprotected heights. The claimant is limited to performing simple, routine, repetitive tasks involving only simple work-related decision making and only occasional changes in the work place. The claimant is limited to work where there is little to no contact with the public and minimal, superficial contact with coworkers. He is limited to occasional contact with supervisors.

(TR 25-29). Subsequently, in reliance on the VE's testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 31-32.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time since March 3, 2014, the date the application was filed. (TR 19, 32.).

## II.

### A.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he can demonstrate that he is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work

experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). Through Step Four, the plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work. At Step Five, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

**B.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the

arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

Plaintiff raises two objections to the report and recommendation, which will be addressed in turn.

### A.

First, Plaintiff contends that "The Magistrate erred when [s]he found that the ALJ's mental RFC was sufficient." Obj. at 3, ECF No. 23. In his three paragraph objection, Plaintiff reiterates his objections to the ALJ's RFC analysis, namely that the ALJ failed to account for the fact that, "even, when medicated Plaintiff displays hostile, distrustful, distracted, and erratic behavior," 2) that the ALJ's analysis "improperly discounts the testimony of Plaintiff's sisters who interact with him regularly and have day-to-day knowledge of his limitations," and 3) that the ALJ did not properly evaluate the VE's testimony regarding the type of work that could be performed by someone with Plaintiff's functional limitations. *Id.* at 3-4. Plaintiff then concludes that "The ALJ erred in assessing Plaintiff's mental RFC, and the Magistrate erred in supporting that conclusion."

Plaintiff simply repeats the arguments presented in his summary judgment briefing regarding the ALJ's RFC analysis and disagrees with Judge Majzoub insofar as she supported the ALJ's conclusion. The objection will be overruled as it makes no attempt to specifically identify the error in Judge Majzoub's report and recommendation. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (noting that an "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection).

Judge Majzoub addressed Plaintiff's arguments at length in her report and recommendation. Rep. & Rec. at 13-22. Repeating that analysis here would serve no purpose. *See id.* (noting that, without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrate's Act." Accordingly, Plaintiff's first objection will be overruled.

**B.**

In his second objection, Plaintiff argues that "the Magistrate erred when [s]he found that the ALJ's decision was supported by substantial evidence. Plaintiff explains that "even if a decision is supported by substantial evidence, it will not be upheld when the SSA regulations were not followed and where this failure prejudices claimants on the merits and deprives them of a substantial right." Obj. at 4 (citing *Bowen v. Commissioner*, 478 F.3d 742, 745 (2007)). Plaintiff also explains that an ALJ should not substitute his own medical judgment for that of the physician.

Plaintiff asserts that "both the ALJ and the Magistrate Judge misconstrued medical evidence and testimony that ultimately resulted in an inadequate determination to address Plaintiff's multiple severe medical conditions of depression with psychotic features, schizophrenia, and fracture of right clavicle status-post gunshot wound (R. 12-2, Tr. 21)." Obj. at 5. Plaintiff then summarizes the evidence of his severe depression, psychotic process, and paranoid and delusional behavior such as lack of sleep, staring out of windows, walking around the house, checking doors, fear of being murdered, and his difficulty expressing a logical sequence of ideas. Obj. at 6.

Plaintiff only briefly engages with the specific content of Judge Majzoub's report and recommendation:

> The Magistrate noted Plaintiff's erratic behavior at the hearing (R&R 11), but dismisses this with the statement that "the testimony also reveals that Plaintiff was not necessarily compliant with his medications at that time." (R&R 11). The Magistrate then went on to recognize that even when Plaintiff has been compliant with medications in the past, "he did still report some symptoms" and his sister's testimony indicated that he suffered from side effects (R&R 12-13).

Plaintiff then concludes that:

> Overall, Plaintiff's ability to work during the time period at issue was severely over-estimated by the ALJ, and incorrectly affirmed by the Magistrate. It is clear that the above conditions and the medical evidence would make it impossible for Plaintiff to perform sustained work. If the ALJ and Magistrate had not made the above outlined legal errors and/or all of the legal errors outlined in Plaintiff's Motion for Summary Judgment when making their decisions, Plaintiff would have been found to be disabled

Obj. at 6.

Judge Majzoub extensively discussed the significance of the periods of time during which Plaintiff was compliant vs. non-compliant with his medication regimen. For example, she explained that Plaintiff's sister testified that Plaintiff's paranoid and delusional behavior improved when he was compliant with his medication regimen. Rep. & Rec. at 12. Judge

Majzoub also discussed Dr. Jafferany's Dec. 31, 2014 treatment note, after Plaintiff had been taking psychotropic medications for almost a month:

> On exam, Dr. Jafferany reported that Plaintiff exhibited no serious mental status abnormalities, hallucinations and delusions were not present, his behavior was generally appropriate, his thinking was logical, his thought content was appropriate, there were no signs of anxiety, his attention span was normal, and his judgment and insight appeared to be intact. Conversely, when Plaintiff treated with Dr. Jafferany a month later, he hadn't been taking his medication regularly, and he presented as guarded, inattentive, uncommunicative and anxious. It was also reported that his symptoms had increased in frequency and intensity, and he was considered to be worse. While the evidence cited by Plaintiff shows that he did still report some symptoms when he was compliant with his medications, as the ALJ reasoned when discounting Dr. Royal's opinion, the evidence shows that those symptoms became "quite mild." (See TR 26.) Thus, the ALJ reasonably gave Dr. Royal's opinion only some weight on the basis that he did not have an opportunity to observe Plaintiff while he was compliant with his medications. Plaintiff's Motion should be denied in this regard.

*Id.* Judge Majzoub provided similar analysis throughout the report and recommendation. *See, e.g.* Rep. & Rec. at 15 ("The ALJ found that Dr. Jones-Smith's opinion was consistent with the Plaintiff's treatment notes, which demonstrated significant improvement in Plaintiff's mental health symptoms when he was compliant with medication . . ."); *Id.* at 17 ("Plaintiff argues that Ms. Coates testified that Plaintiff had been compliant with his medications over the previous few months, even though she had to force or trick him in to taking it. But the portion of Ms. Coates's testimony that Plaintiff cites in this regard suggests that Plaintiff was not regularly compliant); *Id.* at 18 ("Ms. Rogers's statements regarding Plaintiff's mental functioning did not account for Plaintiff's significantly improved symptoms when Plaintiff chose to be medication compliant.").

As Judge Majzoub and the ALJ concluded, the record contains extensive evidence that Plaintiff's mental health difficulties were most prominent during periods of time when he was non-compliant with his medication regimen. Conversely, his symptoms significantly improved

when he was compliant. Plaintiff largely disregards Judge Majzoub's entire discussion on this point. Accordingly, his second objection will be overruled.

**IV**.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 23, are **OVERRULED**.

It is further **ORDERED** that Judge Majzoub's report and recommendation, ECF No. 22, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 18, is **DENIED.**

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 21, is **GRANTED.**

It is further **ORDERED** that the decision of the Commissioner of Social Security's is **AFFIRMED.**

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: March 4, 2019